IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JESSE McCUIN**                                                                      **PLAINTIFF**

**v.**                                           **Civil Action No. 1:24-cv-00212-HSO-BWR**

**PEARL RIVER COUNTY, CITY OF PICAYUNE,
and DAVID ALLISON**                                                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is Respondents Pearl River County, City of Picayune, and David Allison's Motion to Dismiss [17] *pro se* Petitioner Jesse McCuin's amended 28 U.S.C. § 2241 Petition for Habeas Corpus [13]. Respondents argue the Petition [13] should be dismissed because Petitioner has failed to state a claim for federal habeas relief, and because Petitioner failed to exhaust available state court remedies. Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends Respondents' Motion to Dismiss [17] should be granted and the Petition [13] denied without prejudice because Petitioner's claims are unexhausted.

## I. BACKGROUND

Petitioner is a pretrial detainee under two state court indictments in the Circuit Court of Pearl River County, Mississippi, but is currently in federal custody on a separate federal charge. Pet. [13]; *United States v. McCuin*, Crim. No. 1:24-cr-38-TBM-BWR; Notice [22]. On September 21, 2022, the Justice Court of Pearl River County, Mississippi issued a warrant for Petitioner's arrest for failing to stop when

signaled by an officer in violation of Mississippi Code Annotated § 97-9-72. Mot. Dismiss [17-3] at 1. Petitioner was arrested and booked on September 21, 2022 and charged with several felonies and misdemeanors.[1] Mot. Dismiss [17-4] at 1-3.

On September 21, 2022, the Pearl River County Justice Court entered an order determining probable cause to arrest Petitioner without a warrant on the felony fleeing or eluding charge. Mot. Dismiss [17-3] at 1; Mot. Dismiss [17-5] at 1. The same day, the Municipal Court of Picayune, Mississippi also entered an order determining probable cause to arrest Petitioner without a warrant on charges of fleeing or eluding and felon in possession of a weapon. Mot. Dismiss [17-6] at 1. Petitioner signed a certificate of initial appearance for the fleeing or eluding a law enforcement officer and felon in possession of a weapon charges, along with an affidavit of indigency in Picayune Municipal Court. Mot. Dismiss [17-7] at 1-2; Mot. Dismiss [17-8] at 1-2. The court appointed Petitioner counsel, and Petitioner signed a form acknowledging the conditions of his bond. Mot. Dismiss [17-9] at 1-2; Mot. Dismiss [17-10] at 1-2.

On October 5, 2022, Petitioner signed a waiver of the preliminary hearing for his felony charges in Picayune Municipal Court. Mot. Dismiss [17-13] at 1; Mot. Dismiss [17-14] at 1. The Picayune Municipal Court accepted the preliminary hearing

---

[1] Petitioner's September 21, 2022 booking report lists these charges: (1) felony fleeing from law enforcement; (2) driving with a suspended license (misdemeanor); (3) switched license plate (misdemeanor); (4) careless driving (misdemeanor); (5) felony possession of a weapon by a felon; (6) improper equipment (misdemeanor); (7) improper lighting equipment on vehicle (misdemeanor); (8) felony fleeing or eluding law enforcement; (9) running a stop sign (misdemeanor); (10) careless driving (misdemeanor); (11) running a stop sign (misdemeanor); (12) reckless driving (misdemeanor); (13) running a stop sign (misdemeanor); (14) careless driving (misdemeanor); (15) running a stop sign (misdemeanor); (16) careless driving (misdemeanor); (17) running a stop sign (misdemeanor); (18) improper turn without signal (misdemeanor); (19) improper turn with no signal (misdemeanor); and (20) careless driving (misdemeanor). *See* Mot. Dismiss [17-4] at 1-3.

2

waiver on Petitioner's charges and ordered that the charges be bound over to the grand jury. Mot. Dismiss [17-16] at 1; Mot. Dismiss [17-17] at 1.

On October 6, 2022, Petitioner signed a waiver of preliminary hearing for his charge in Pearl River County Justice Court. Mot. Dismiss [17-15] at 1. Petitioner was released after posting bond on October 21, 2022. Mot. Dismiss [17-21] at 1-3; Mot. Dismiss [17-18]; Mot. Dismiss [17-19]; Mot. Dismiss [17-20].

On December 12, 2022, a Pearl River County, Mississippi grand jury indicted Petitioner on Count 1 of fleeing or eluding a law enforcement officer in violation of Mississippi Code Annotated § 97-9-72 and Count 2 possession of a weapon by a felon in violation of Mississippi Code Annotated § 97-37-5. State Ct. R. [16-1] at 4-6. Then, on April 6, 2023, a Pearl River County, Mississippi grand jury indicted Petitioner on a separate charge of fleeing or eluding a law enforcement officer in violation of Mississippi Code Annotated § 97-9-72. State Ct. R. [16-2] at 4-5.

Petitioner was arrested and booked on all three charges on April 18, 2024. State Ct. R. [16-1] at 8; State Ct. R. [16-2] at 7; Mot. Dismiss [17-22] at 1. On May 21, 2024, Petitioner signed an affidavit of indigency and was appointed a public defender by the Pearl River County Circuit Court in both of his criminal cases. State Ct. R. [16-1] at 9-10. Through counsel, on May 28, 2024, Petitioner waived arraignment and Petitioner's trial was set for August 21, 2024. *Id.* at 12; State Ct. R. [16-2] at 11. Petitioner later filed several pro se pleadings in each of his criminal cases in Pearl River County Circuit Court. State Ct. R. [16-1] at 26-29, 40-98; State Ct. R. [16-2] at 25-98.

On August 6, 2024, Petitioner was transferred to federal custody. *See* Mot. Dismiss [17-25]. On August 12, 2024, Petitioner's state court criminal proceedings were generally continued by Pearl River County Circuit Court because Petitioner is presently in federal custody awaiting sentencing after pleading guilty to his federal charge. *See* State Ct. R. [16-1] at 1; *see also* Mot. Dismiss [17-25]; *see also* Notice [22]; *see* Suppl. Mot. Dismiss [23] at 1-3.

On June 10, 2024, Petitioner filed a complaint under 42 U.S.C. § 1983 that included habeas corpus claims, Compl. [2] at 1-8, but the Court entered an Order [1] severing Petitioner's habeas claims into a new civil action from his 42 U.S.C. § 1983 claims. On July 26, 2024, the Court ordered Petitioner to file an amended habeas petition. Ord. [5].

On July 31, 2024, Petitioner signed an Amended Petition [7] for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. [7] at 1-8. But the Amended Petition [7] challenged Petitioner's pre-trial detention in both the Circuit Court of Pearl River County and this Court. Ord. [11]. Because Petitioner's Amended Petition [7] sought relief from more than one court, the Court severed Petitioner's habeas claims challenging his federal charge from his habeas claims relating to his state charges. *Id.* at 2. Then, the Court ordered Petitioner to submit an amended petition for habeas relief pursuant to 28 U.S.C. § 2241, challenging his pending criminal charges in the Circuit Court of Pearl River County. Ord. [12].

In response to the Court's Order [12], Petitioner signed an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 on September 17, 2024. Pet. [13].

Petitioner challenges his pretrial detention and "charging x2 for fleeing and eluding same episode, and excessive bail, also excessive use of force, [and] false imprisonment." *Id.* at 2. Petitioner raises four grounds for relief:

> 1. Jurisdiction, [a]s I am [s]overeign and immune from litigation in [United States] courts;
>
> 2. I did not infringe on the life, [r]ights, liberty or property of [a]nyone which is in the [peace treaty] of the [Magna Carta of McCuin] as a stipulation of [peace];
>
> 3. The [r]ights afforded to all Americans and or free [s]overeign [s]tates by the Constitution were violated;
>
> 4. Erie v[.] Tompkins 1811 made contracts the rule in [c]ourt, I did not agree to [c]ontract.

Pet. [13] at 6-8 (cleaned up). Petitioner requests that the Court "[o]rder Pearl River County to drop and dismiss all charges and remove all documentation of . . . [Petitioner] from [its] database" because it is his "sole intellectual property[,] [a]nd any other remedy deemed proper by the Courts." *Id.* at 8.

Respondents moved to dismiss and argue the Petition [13] should be dismissed with prejudice because Petitioner raises an uncognizable request for relief without demonstrating any special circumstances that would permit this Court to dismiss Petitioner's state charges. Mot. Dismiss [17] at 14, 16-19. Alternatively, Respondents assert the Petition [13] should be dismissed without prejudice because Petitioner failed to exhaust available state court remedies before filing the Petition. *Id.* at 20-21. Respondents also claim Petitioner's request that his personal information be removed from the Pearl River County database cannot be brought under 28 U.S.C. § 2241 and should be dismissed without prejudice. *Id.* at 22-23. Respondents informed

5

the Court that they "will supplement [the] Motion to Dismiss as [Petitioner's] state court proceedings on his pending charges progress to a trial or plea, following resolution of his pending federal charge." *Id.* at 12.

On February 18, 2025, the Court ordered Petitioner to respond to the motion to dismiss. Ord. [18]. Petitioner's response was filed on March 7, 2025. Pet'r's Rep. [19]. Petitioner argues that Pearl River County "trespassed on the private property of the sovereign . . . rendering detention illegal." *Id.* at 3. Petitioner claims Respondents "forf[ei]ted their right to the exhaustion requirement" because Petitioner's arrest "was made in violation of the United States Constitution," was illegal, and made outside of Pearl River County, Mississippi's jurisdiction. *Id.* at 5. In support of his arguments, Petitioner submitted the "Magna Carta of McCuin." Pet. Resp. [19-1].

Respondents replied [20] and reiterate that Petitioner's request directing this Court to order Pearl River County, Mississippi to dismiss Petitioner's charges is an improper request for habeas relief. Resp'ts' Reply [20] at 4. Respondents contend Petitioner's arguments address his state charges which he may assert in the state trial court. *Id.* at 5. Respondents maintain that Petitioner has failed to exhaust and Petitioner's request to remove his personal information from the county's database is a nonhabeas challenge. *Id.* at 7-9.

On March 24, 2025, Petitioner filed a Supplemental Brief [21] in support of his petition for writ of habeas corpus. On June 10, 2025, Respondents supplemented the

6

motion to dismiss notifying the Court that Petitioner's state court proceedings remain continued. Suppl. Mot. Dismiss [23] at 4.

## II. ANALYSIS

A. <u>28 U.S.C. § 2241.</u>

An individual may seek habeas relief under 28 U.S.C. § 2241 if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The purpose of this writ is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973).

The relief available to pretrial detainees is limited. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489 (citation omitted). "Special circumstances are those on which a federal court cannot await a final ruling by [a] state court[], because the integrity of a federal right is threatened." *Nuby v. Pennington*, No. 3:23-cv-527-DPJ-ASH, 2024 WL 5340889, at *2 (S.D. Miss. Dec. 16, 2024), *R. and R. adopted,* No. 3:23-cv-527-DPJ-ASH, 2025 WL 240937 (S.D. Miss. Jan. 17, 2025) (quoting *Wilson v. Washington County*, No. 4:20-cv-158-DMB-DAS, 2021 WL 4497493, at *2 (N.D. Miss. Sept. 30, 2021)). Special circumstances are present in a federal habeas case when:

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and patently violative of express constitutional provisions in every clause, sentence, and paragraph, and

7

in whatever manner and against whomever an effort might be made to apply it," or (3) where other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate."

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Younger v. Harris*, 401 U.S. 37, 45, 53-54 (1971)).

Petitioners may not derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493. The United States Supreme Court distinguishes between a pretrial petitioner "seek[ing] to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). The Fifth Circuit has held this distinction is based on the type of relief a petitioner seeks. *Id.*

> If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to abort a state proceeding or to disrupt the orderly functioning of state judicial processes; if he is attempting to force the state to go to trial, then he is merely seeking to require the state to fulfill its obligation to provide him a speedy trial. While the latter is grounds for federal habeas relief, the former is not; an attempt to dismiss an indictment or otherwise prevent a prosecution . . . is normally not attainable through federal habeas corpus.

*Fields v. Hubbard*, No. 1:19-cv-820-LG-RHW, 2020 WL 4810988, at *3 (S.D. Miss. June 18, 2020), *R. & R. adopted,* No. 1:19-cv-820-HSO-RPM, 2020 WL 4809454 (S.D. Miss. Aug. 18, 2020) (first quoting *Brown*, 530 F.2d at 1283; and then citing *Greer v. St. Tammany Par. Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988) (internal quotations omitted)); *see Greer*, 693 F. Supp. at 508 ("[A] federal court may generally consider a

habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him.").

Petitioner's requested relief seeks dismissal of his state charges, which constitutes an attempt to prevent prosecution on the charges, or to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown*, 530 F.2d at 1282-83; *see* Pet. [13] at 7. "Federal habeas relief is not available for such claims" and Petitioner has shown no special circumstances exist here. *Fields*, 2020 WL 4810988, at *3 (finding petitioner's pleadings sought dismissal of "his state drug charge, which would constitute an attempt to prevent his prosecution on the charge" rendering federal habeas relief unavailable); *see also Nuby*, 2024 WL 5340889, at *2 (finding no special circumstances applied to petitioner); *House v. Sollie*, No. 3:23-cv-497-HTW-LGI, 2024 WL 5372261, at *3 (S.D. Miss. Sept. 30, 2024), *R. & R. adopted,* No. 3:23-cv-497-HTW-LGI, 2025 WL 350248 (S.D. Miss. Jan. 30, 2025) ("The petitioner bears the burden of demonstrating a special circumstance.") (citing *Gates*, 885 F.3d at 881).

To the extent that Petitioner's Petition may be construed as an attempt to enforce the state's obligation to promptly bring him to trial, Petitioner failed to exhaust available state court remedies before filing the Petition. "[A]lthough [28 U.S.C.] section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."

9

*Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (collecting cases). Before suing in federal court pursuant to 28 U.S.C. § 2241, an inmate must exhaust available state court remedies. *Id.*; *see Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015).

Exhausting state court remedies "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues . . . ." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971). "That is, [a petitioner] must first present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to pass upon them because, [f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *Fields*, 2020 WL 4810988, at *3 (quoting *O'Sullivan*, 526 U.S. at 839) (quotations omitted); *Hudson v. Mississippi*, No. 1:09-cv-375-HSO-JMR, 2009 WL 2487930, at *1 (S.D. Miss. Aug 12, 2009) (Petitioners "need to present the grounds of [their] federal habeas petition to the Mississippi Supreme Court").

Petitioner's attempts at exhaustion are several motions, letters, and affidavits filed in the Circuit Court of Pearl River County, Mississippi addressing his "identity, incarceration, sovereign immunity, const[itutional] [violations], jurisdiction and numerous other claims." Pet. [13] at 2-3, 5; *see* State Ct. R. [16-1] at 1-3. Although

10

Petitioner has identified filings made in circuit court, the record shows that he did not exhaust his claims in the Mississippi Supreme Court before filing the Petition.

Petitioner did not fairly present this matter to the state's highest court or allege an exceptional circumstance warranting federal court intervention in his ongoing state court prosecution. *Earl v. Mississippi*, No. 3:16-cv-636-TSL-RHW, 2017 WL 1367206, at *2 (S.D. Miss. Mar. 17, 2017), *R. & R. adopted*, No. 3:16-cv-636-TSL-RHW, 2017 WL 1387167 (S.D. Miss. Apr. 10, 2017); *see Deters v. Collins*, 985 F.2d 789, 795-96 (5th Cir. 1993) (holding the exhaustion requirement may be excused only in "rare cases where exceptional circumstances of peculiar urgency mandate federal court interference"). Because remedies remain available to Petitioner in state court, the Motion to Dismiss [17] on exhaustion grounds should be granted.

B. <u>Petitioner's supplemental brief will not be considered in the Court's analysis.</u>

Petitioner's Supplemental Brief [21] is a surreply and will not be considered in the Court's analysis. Neither the Federal Rules of Civil Procedure nor the Court's Local Rules permit the filing of surreplies. *21st Mortg. Corp. v. Lyndon S. Ins. Co.*, No. 2:23-cv-196-KS-MTP, 2024 WL 3069821, at *1 (S.D. Miss. June 20, 2024).

Surreplies are heavily disfavored as they are often a strategic effort by the nonmoving party to have the last word on the matter. *See RedHawk Holdings Corp. v. Schreiber Tr. of Schreiber Living Tr.*, 836 F. App'x 232, 235 (5th Cir. 2020); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (finding that the district court did not abuse its discretion by denying a party's motion to file a surreply because plaintiff "did not raise any new arguments in its reply brief"). And "[l]eave of court is

11

required to file an additional brief because the movant is generally entitled to file the last pleading." *Prater v. Wilkinson Cty., Miss.*, No. 5:13-cv-23-DCB-MTP, 2014 WL 5465372, at *3 (S.D. Miss. Oct. 28, 2014) (first quoting *Ponder Rsch. Grp. v. Aquatic Navigation, Inc.*, No. 4:09-cv-332-JM, 2009 WL 2868456, at *13 (N.D. Tex. Sep. 4, 2009); and then citing *Pierce v. The Clarion Ledger*, 433 F. Supp. 2d 754, 760 n.7 (S.D. Miss. 2006) (quotations omitted)); *see United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, No. 1:06-cv-433-HSO-RHW, 2014 WL 12713070, at *1 (S.D. Miss. Oct. 24, 2014) ("The purpose of having a motion, response, and reply is to give the movant the final opportunity to be heard, and to *rebut* the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion.") (quoting *Info-Power Int'l, Inc. v. Coldwater Tech., Inc.*, No. 3:07-cv-937-P, 2008 WL 5552245, at *8 (N.D. Tex. Dec. 31, 2008) (emphasis in original)).

"Leave of court to allow a sur-reply has been found appropriate where the moving party raised new arguments in the reply brief that went beyond rebutting the response." *21st Mortgage Corp.*, 2024 WL 3069821, at *1 (quoting *Univ. of Mississippi Med. Ctr. v. Sullivan*, No. 3:19-cv-459-CWR-LGI, 2021 WL 5414301, at *1 (S.D. Miss. Oct. 7, 2021)). Petitioner has raised no new arguments in his Supplemental Brief [21] nor did he seek the Court's permission to file another brief. Thus, Petitioner's Supplement Brief [21] will not be considered.

## III.  RECOMMENDATION

The undersigned United States Magistrate Judge recommends that Respondents' Motion to Dismiss [17] should be granted, and Petitioner's Petition [13] dismissed without prejudice.

## IV.  NOTICE OF RIGHT TO APPEAL OR OBJECT

Under Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 10th day of July, 2025.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE