IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JESSE MCCUIN** | § § § | **PETITIONER** |
| **v.** | § § § § | **Civil No. 1:24cv212-HSO-BWR** |
| **PEARL RIVER COUNTY, et al.** | § | **RESPONDENTS** |

**ORDER ADOPTING REPORT AND RECOMMENDATION [24], GRANTING RESPONDENTS' MOTION [17] TO DISMISS, AND DISMISSING PETITION [13] FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

On July 10, 2025, United States Magistrate Judge Bradley W. Rath entered a Report and Recommendation [24], recommending that Respondents' Motion [17] to Dismiss be granted and that Petitioner Jesse McCuin's 28 U.S.C. § 2241 Petition [13] for Writ of Habeas Corpus be dismissed without prejudice. No party has objected to the Report and Recommendation [24], and the time for doing so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(1).

After due consideration of the record and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [24] should be adopted, that Respondents' Motion [17] to Dismiss should be granted, and that the Petition [13] for Writ of Habeas Corpus should be dismissed without prejudice.

I. BACKGROUND

Petitioner Jesse McCuin ("McCuin" or "Petitioner") brings this case under 28 U.S.C. § 2241. *See* Pet. [13]. He challenges his pretrial detention under two state court indictments in Pearl River County, Mississippi, but he is currently housed in

federal pretrial detention awaiting sentencing in his federal case, which is scheduled for October 1, 2025. *See id.*; *United States v. McCuin,* No. 1:24-cr-38-TBM-BWR; Notice [22].

Respondents have filed a Motion [17] to Dismiss, arguing that the § 2241 Petition [13] should be dismissed with prejudice because McCuin's requested relief is not cognizable in this federal habeas proceeding. *See* Mot. [17] at 15-20. Alternatively, Respondents contend that the Petition [13] should be dismissed without prejudice because Petitioner has failed to exhaust his available state court remedies. *See id.* at 20-21.

Petitioner responds with so-called sovereign citizen movement arguments,[1] citing his immunity and the infringement of his intellectual property. *See* Resp. [19]. He does not offer any substantive response to Respondents' Motion [17], but argues that "Pearl River County was never entitled to the exhaustion requirement as the arrest of the Petitioner was made in violation of the United States Constitution and is illegal" because his arrest was made in a different county. *Id.* at 5; *see id.* at 4. Respondents filed a Reply [20], and Petitioner filed a Supplemental Brief [21].

On July 10, 2025, the Magistrate Judge entered his Report and Recommendation [24]. *See* R. & R. [24]. He refused to consider Petitioner's

---

[1] The Fifth Circuit has explained that meritless legal theories associated with the "sovereign citizen movement" include those "involving admiralty law, copyright infringement, the Uniform Commercial Code, fictional personhood, and contractual interpretation of criminal laws." *Watson v. Texas State Univ.*, 829 F. App'x 686, 686 (5th Cir. 2020).

Supplemental Brief [21], finding it constituted an unauthorized surreply. *See id.* at 11-12. The Magistrate Judge determined that because the Petition [13] seeks dismissal of Petitioner's state charges, habeas relief is not available unless special circumstances are present, which have not been shown. *See id.* at 9. To the extent the Petition [13] could be construed as an attempt to enforce the State's obligation to promptly bring Petitioner to trial, the Magistrate Judge found that McCuin failed to exhaust available state court remedies. *See id.* at 9-11. The Magistrate Judge recommended that the Motion [17] to Dismiss be granted and that the Petition [13] be dismissed without prejudice. *See id.* at 13.

Petitioner has not filed any objections to the Report and Recommendation [24], and the time for doing so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(1).

## II.   DISCUSSION

The Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Under a de novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the magistrate." *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989). But when there are no objections, as in this case, the Court applies "the clearly erroneous, abuse of discretion and contrary to law standard of review." *Id.* at 1221 (quotation omitted).

The Court has conducted the required review and finds that the findings and conclusions in the Report and Recommendation [24] are neither clearly erroneous nor contrary to law.  In short, the Court concurs with the conclusions reached by the Magistrate Judge.  *See* R. & R. [24].  The Court will adopt the Magistrate Judge's Report and Recommendation [24] as the finding of the Court, grant Respondents' Motion [17] to Dismiss, and dismiss the Petition [13] without prejudice.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [24] of United States Magistrate Judge Bradley W. Rath entered in this cause on July 10, 2025, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondents' Motion [17] to Dismiss filed on January 15, 2025, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Jesse McCuin's Petition [13] for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 8th day of August, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE